**Michael W. Dotts, Esq.**
**DOTTS LAW OFFICE**
Suite 208, DHL Building
Middle Rd. Chalan Lau Lau
PO Box 505979
Saipan, CNMI MP USA 96950
Tel. 670.234.1600
Email: *mdotts@dottslaw.law*

*Attorneys for Respondents*
*John K. Baldwin and Bridge Capital, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE GOVERNMENT OF THE LAO PEOPLE'S DEMOCRATIC REPUBLIC,<br><br>Petitioner,<br><br>vs.<br><br>JOHN K. BALDWIN, BRIDGE CAPITAL, LLC, LAO HOLDINGS N.V., and SANUM INVESTMENTS LTD.,<br><br>Respondents. | Case No: 1:22-cv-00011<br><br>**RESPONDENTS BALDWIN AND BRIDGE CAPITAL'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR RECUSAL**<br><br>Hearing: April 27, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Ramona V. Manglona |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Petitioner's Motion for Recusal is Untimely ........................................................ 2

    B. Petitioner Failed to Discharge its Substantial Burden to Prove a Reasonable Question of Impartiality ........................................................................................ 3

    C. Any "Bad Faith Litigation" Here Is by Petitioner, Not Respondents ..................... 6

III. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases** | **Page**

*Gibo v. U.S. Bank Nat'l Ass'n*, …………………………………………………………... 4
2013 WL 12142570 (D. Haw. June 21, 2013)

*In re Anwiler*, ……………………………………………………………………….. 2, 3
958 F.2d 925 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 8, 1992)

*Jones v. Porsche Cars N. Am., Inc.*,…………………………………………………… 4, 5
2015 WL 13918891 (C.D. Cal. Sept. 2, 2015)

*Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, ………………………………... 2
846 F. Supp. 2d 515 (E.D. Va. 2012), *aff'd sub nom.* 748 F.3d 160 (4th Cir. 2014)

*Levin v. United States*, ………………………………………………………………… 4
2014 WL 1927332 (D. Guam May 14, 2014)

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, ………………………………... 7
897 F.3d 1008 (9th Cir. 2018)

*Preston v. United States*, ……………………………………………………………… 2
923 F.2d 731 (9th Cir. 1991)

*Skokomish Indian Tribe v. United States*, ……………………………………………. 2
410 F.3d 506 (9th Cir. 2005)

*United States v. Kohring*, …………………………………………………………….. 2, 3
No. 3:07-CR-00055-JWS, 2008 WL 1746700, at *6 (D. Alaska Apr. 14, 2008), *aff'd in part and remanded*, 334 F. App'x 836 (9th Cir. 2009), and *vacated on other grounds*, 637 F.3d 895 (9th Cir. 2011)

*United States v. Mikhel*, ……………………………………………………………….. 4
889 F.3d 1003 (9th Cir. 2018).

**Statutes**

28 U.S.C. § 455(a)………………………………………………………………. 1

28 U.S.C. § 144……………………………………………………………………. 2

## I. INTRODUCTION

More than seven months after filing this case, Petitioner, the Government of the Lao People's Democratic Republic ("GOL"), seeks Judge Manglona's recusal under 28 U.S.C. § 455(a) based on nothing more than her self-recusal in another case *more than seven years ago* based on her belief then that *one* unidentified respondent in the 2015 case, which included respondents that are not Respondents here, may have had a connection to an unidentified transaction in which she had a fiduciary financial interest, which was "recent" *in 2015*.[1] The Court should deny Petitioner's Motion as untimely and unfounded.

Petitioner's Motion is untimely because Petitioner has known of the grounds on which it seeks recusal for *more than seven years*, yet *it waited more than seven months* after the case was filed and assigned to Judge Manglona to seek recusal. This excessive delay suggests that Petitioner's Motion is not really about a question of judicial impartiality.

Petitioner's motion is also unfounded. Petitioner did not even attempt to explain how a reasonable person with knowledge of all the facts could conclude that Judge Manglona's impartiality might reasonably be questioned in this case. Indeed, Petitioner has not shown that the respondent relevant to Judge Manglona's 2015 self-recusal is also a Respondent in this case, or that the circumstances of the unidentified transaction that was "recent" in 2015 still exist or would have any possible impact on Judge Manglona's impartiality more than seven years later, in 2023. Petitioner has thus failed to carry its substantial burden to show that Judge Manglona's impartiality could reasonably be questioned.

Finally, while Petitioner's meritless Motion makes unfounded accusations of "bad faith litigation" against Respondents, Petitioner's inclusion of detailed scurrilous allegations against Respondents Baldwin and Bridge that have nothing whatsoever to do with trying to establish a reasonable question of judicial impartiality suggests that any bad faith litigation here is being carried out by Petitioner, not by Respondents.

---

[1] Mot. Attch. A [ECF 13-1].

1

## II.     ARGUMENT

### A.     Petitioner's Motion for Recusal is Untimely

As a threshold matter, Petitioner's Motion is untimely and should be denied on that basis alone. "Although section 455(a) [the exclusive basis for Petitioner's Motion] contains no express time limit, the Ninth Circuit has held that there is a timeliness requirement inherent in the section."[2] This is the well-established majority rule,[3] and is a threshold issue.[4] This requirement reduces "wasted judicial time and resources," and reduces the "risk that litigants would use recusal motions for strategic purposes,"[5] as Petitioner is evidently doing here.

"Although the Ninth Circuit has not set a 'bright line' or *per se* rule for determining timeliness under § 455, it has held that the motion must be made within a reasonable time after the grounds for seeking disqualification are known."[6] The Ninth Circuit has found that to be timely, the movant should file its motion "as soon as [it] discover[s] the possible grounds for disqualification."[7] The Ninth Circuit has held that denying a motion for recusal as untimely was appropriate when the movant "should have known ***when it filed its complaint*** that it might want to seek recusal of the judge assigned to the matter," and "believed it had grounds for recusal ***at least seven months*** before filing the motion."[8] Those are precisely the circumstances here.

Here, Petitioner's Motion is based entirely on the fact that more than seven years ago, on November 13, 2015, Judge Manglona recused herself under different circumstances from another

---

[2] *In re Anwiler*, 958 F.2d 925, 929-30 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 8, 1992); *see also Preston v. United States*, 923 F.2d 731, 732-33 (9th Cir. 1991); *United States v. Kohring*, No. 3:07-CR-00055-JWS, 2008 WL 1746700, at *6 (D. Alaska Apr. 14, 2008), *aff'd in part and remanded*, 334 F. App'x 836 (9th Cir. 2009), and *vacated on other grounds*, 637 F.3d 895 (9th Cir. 2011).

[3] *Preston*, 923 F.2d at 732-33 ("It is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 as well as § 455 must be made in a timely fashion.") (cleaned up); *Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 846 F. Supp. 2d 515, 522 (E.D. Va. 2012), *aff'd sub nom.* 748 F.3d 160 (4th Cir. 2014) ("Although '[t]he language of § 455 is silent on the issue of timeliness . . . the majority of circuits, including the First, Second, Third, Fourth, Fifth, Eighth, Ninth, Eleventh, and Federal Circuits have found that timeliness is a requirement when recusal is sought under § 455.'"); *In re Anwiler*, 958 F.2d at 929-30 (deciding timeliness as "a threshold issue").

[4] *In re Anwiler*, 958 F.2d at 929-30.

[5] *Preston*, 923 F.2d at 733.

[6] *Kohring*, 2008 WL 1746700, at *6; *see also Preston*, 923 F.2d at 733 ("recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained.").

[7] *In re Anwiler*, 958 F.2d at 930.

[8] *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 519 (9th Cir. 2005) (emphasis added).

case Petitioner brought against some of the Respondents in this case, as well as some parties not in this case.[9]  Thus, *when Petitioner filed this case more than seven months ago* (and the case was immediately assigned to the only District Judge of the Court, Judge Manglona) on August 1, 2022, it had known all the facts on which it bases its Motion for almost *seven years*.

There can be no question that Petitioner had those stale facts in mind more than seven months ago when it filed this case that it knew would immediately be assigned to Judge Manglona, because a year earlier, in the Idaho enforcement action preceding this one, Petitioner raised the notion of Judge Manglona's possible recusal in this case.  Specifically, in a July 9, 2021 hearing on Petitioner's Third Motion to Amend its Complaint in the Idaho matter, in response to the idea of instead proceeding in this Court (which it is now doing), Petitioner told the judge: "the only judge out there [in CNMI] may well be recused from sitting on the case …."[10]

Yet, Petitioner inexplicably waited *7.5 months* to file its Motion for Recusal here, which came more than two months after Respondents Baldwin and Bridge filed their Motion to Dismiss. Petitioner's excessive delay suggests that its Motion is not really based on any reasonable question about Judge Manglona's impartiality, but is instead merely part of Petitioner's litigation strategy.

There is no excuse for Petitioner's 7.5-month delay in filing its Motion, which was not made "as soon as [it] discovered the possible grounds for disqualification,"[11] or "within a reasonable time after the grounds for seeking disqualification [we]re known."[12]  Petitioner's motion is therefore untimely and should be denied on that basis alone.

**B.     Petitioner Failed to Discharge its Substantial Burden to Prove a Reasonable Question of Impartiality**

Even if Petitioner's motion were timely, the Court should still deny it because Petitioner failed to discharge its substantial burden to show that recusal would be appropriate.  In deciding a motion for recusal under Section 455(a), the Court "ask[s] whether a reasonable person with

---

[9] Mot. [ECF 13] ¶ 6, Attch. A [ECF 13-1].

[10] Ex. A, *The Government of Lao People's Democratic Republic v. Baldwin et al.*, Case No. 2:20-CV-00195-CRK, July 9, 2021 Hearing Tr. 3:20-23.

[11] *In re Anwiler*, 958 F.2d at 930.

[12] *Kohring*, 2008 WL 1746700, at *6.

3

1  knowledge of all the facts would conclude that the judge's impartiality might reasonably be
2  questioned."[13]  "The reasonable person is not someone who is hypersensitive or unduly suspicious,
3  but rather is a well-informed, thoughtful observer."[14]  "The standard must not be so broadly
4  construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest
5  unsubstantiated suggestion of personal bias or prejudice."[15]

6  On the contrary, "because a federal judge is presumed to be impartial, in making a request
7  for recusal pursuant to § 455, the party seeking disqualification bears a ***substantial burden*** to
8  show that the judge is biased."[16]  For example, the U.S. District Court for the Central District of
9  California held that a movant "failed to carry the substantial burden necessary to warrant
10 disqualification under § 455" when it filed a "one-paragraph Request" arguing that the judge's
11 recusal was "to ensure fairness and impartiality in all proceedings before the Court," based solely
12 on the judge's prior disclosures, with "no further elaboration" and "no arguments as to why a
13 reasonable person with knowledge of all the facts would conclude that [the judge's] impartiality
14 might reasonably be questioned in this lawsuit."[17]

15 That insufficient request is materially similar to Petitioner's insufficient Motion here.
16 Setting aside Petitioner's gratuitous mudslinging and irrelevant description of what discovery it
17 might seek if it is permitted to maintain its improper *alter ego* action in this Court, the relevant
18 portion of Petitioner's Motion is just a few paragraphs long, and argues only that "[i]n light of this
19 Court's self-recusal in the prior proceeding due to a conflict with a Respondent, the Government
20 of the Lao Peoples Democratic Republic moves this District Court to recuse herself from this
21 proceeding," concluding with no further elaboration that "The Government reasonably believes,
22 based upon the facts stated in this motion, that this District Court's impartiality is reasonably

---

[13] *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018).

[14] *Id.*

[15] *Id.*

[16] *Jones v. Porsche Cars N. Am., Inc.*, No. CV 15-05766 GW (SSX), 2015 WL 13918891, at *2 (C.D. Cal. Sept. 2, 2015) (cleaned up, emphasis added); *Levin v. United States*, No. CV 05-00008, 2014 WL 1927332, at *1 (D. Guam May 14, 2014) ("Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise."); *Gibo v. U.S. Bank Nat'l Ass'n*, No. CV 12-00514 SOM-RLP, 2013 WL 12142570, at *2 (D. Haw. June 21, 2013) (same).

[17] *Jones*, 2015 WL 13918891, at *2.

questioned."[18]  But, like the unsuccessful movant in *Jones*, Petitioner made "no arguments as to *why* a reasonable person with knowledge of all the facts would conclude that [the Judge's] impartiality might reasonably be questioned in this lawsuit."[19]  Thus, Petitioner did not even begin to meet its substantial burden to show any reasonable question of Judge Manglona's impartiality in this case.

Indeed, there is no reasonable basis to question her impartiality here.  Petitioner's Motion rests entirely on Judge Manglona's November 13, 2015 self-recusal, which provided only the one-sentence explanation that "I must disqualify myself from this matter; I believe *one of the respondents* may have a connection to *a recent transaction* in which I have a fiduciary financial interest."[20]  But Petitioner failed to show how those 2015 grounds have any bearing on *these* proceedings.

First, Judge Manglona's 2015 self-recusal was a based on a possible connection to a transaction with "*one* of the respondents," in that 2015 matter, but she did not identify which respondent.[21]  In an inappropriate attempt to bypass this problem, Petitioner falsely contends that "[i]n prior litigation in this District Court, in 2015, *the identical parties were before this Court*."[22]  But Petitioner knows that is not true.  Petitioner's 2015 case included Respondents Baldwin and Bridge, but it was also against David Jensen and the First Hawaiian Bank, Saipan, MP, while Respondents Lao Holdings N.V. ("LHNV") and Sanum Investments Ltd. ("Sanum") were not parties to the 2015 case.[23]  So, the parties in the two cases are in fact *not* identical.  It is thus impossible to tell, on the facts Petitioner alleged (*i.e.*, Judge Manglona's one-sentence 2015

---

[18] Mot. [ECF 13], ¶¶ 6-10.

[19] *Jones*, 2015 WL 13918891, at *2 (emphasis added).

[20] Mot. Attch. A [ECF 13-1].

[21] *Id.* (emphasis added)

[22] Mot. [ECF 13], ¶ 6.

[23] *Compare* Petition [ECF-1] (listing John K. Baldwin, Bridge Capital LLC, Lao Holdings N.V., and Sanum Investments Ltd. as Respondents) *with In re 28 U.S.C. Section 1782 Application*, Case No. 1:15-mc-00018, Order of Self Recusal [ECF 13-1] (listing Bridge Capital LLC, John K. Baldwin, David Jensen, and the First Hawaiian Bank, Saipan, MP as respondents).

5

explanation), whether the disqualifying 2015 respondent is also a Respondent in *this case*.[24] For instance, it is reasonably possible that the "recent" (in 2015) transaction was with First Hawaiian Bank, Saipan, MP, which is not a Respondent in this case.

Second, even assuming that the disqualifying respondent was either Baldwin or Bridge, the only two common respondents, Judge Manglona's possible connection to a "recent" transaction at least seven years ago, *in 2015*, is no longer "recent," and may very well no longer exist at all. Petitioner failed to identify that long-ago transaction, failed to show that the circumstances surrounding that long-ago transaction are still extant or have not dissipated, and failed to otherwise explain how that long-ago transaction would cause Judge Manglona's impartiality to be reasonably questioned *in 2023*. Petitioner thus failed to carry its substantial burden to show reasonably-questioned impartiality in this case.

**C. Any "Bad Faith Litigation" Here Is by Petitioner, Not Respondents**

With *no foundation whatsoever*, Petitioner repeatedly asserts that Respondents engage in "bad faith litigation."[25] But the nature of Petitioner's meritless Motion for Recusal suggests that any bad faith litigation here is on the part of Petitioner, not Respondents.

The sheer paucity of Petitioner's allegations relevant to recusal as compared to Petitioner's detailed, but utterly irrelevant and in any case untrue, allegations of supposed "criminal and fraudulent acts," shows that Petitioners' Motion is not really about any appearance of judicial impropriety. Rather, the Motion is Petitioner's latest improper attempt to defame Baldwin and Bridge with scurrilous public allegations that misrepresent the arbitral findings from which they supposedly derive, thereby continuing Petitioner's long-time strategy of repeating falsehoods so many times that people start to believe they are true.

Petitioner deceptively asserts that the arbitral tribunals made "findings of fact" that "*Baldwin* committed criminal and fraudulent acts in Laos," but concedes that *no such acts were*

---

[24] While Respondents are hesitant to speculate, Respondents are aware of facts that might suggest that the recusal was predicated on a transaction in which Bridge was financing an entity having a dispute over an asset connected to Judge Manglona's family trust. If this were the case, the underlying matter is long over.

[25] Mot. [ECF 13], ¶¶ 5, 10.

6

*ever proven to the required clear and convincing standard*,[26] in arbitrations in which Baldwin was not even a party.  Tellingly, Petitioner omitted from its mischaracterization the ICSID tribunals' global findings that "the Respondent [GOL] has not established bribery and corruption against the Claimants [LHNV and Sanum] on 'clear and convincing evidence',"[27] and "the Respondent's allegations of bribery lack sufficient 'clear and convincing evidence' to justify an affirmative finding of specific acts of corruption."[28]  The tribunals also recognized that "The Government's failure to track down bribe-takers or to provide a convincing explanation of its efforts (even if on occasion unsuccessful) to do so, tells against the Government's case…."[29]  Both tribunals repeated these global findings with respect to the specific allegations Petitioner includes in its Motion here.[30]

Petitioner's improper attack on Respondents under the guise of a meritless Motion for Recusal, on which the scurrilous allegations have no bearing, makes Petitioner's baseless fabrication of "bad faith litigation" by Respondents Baldwin and Bridge,[31] *who have never even initiated litigation against Petitioner*, all the more ironic.

---

[26] Mot. [ECF 13], ¶ 5 (paraphrasing in Petitioner's incorrect slant arbitral findings under an insufficient "more likely than not" standard) (emphasis added).

[27] Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 7.

[28] Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 278; *see also OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1020 (9th Cir. 2018) ("In a civil case, fraud must normally be established by clear and convincing evidence.").

[29] Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 159; Pet. Ex. D, PCA Award [ECF 1-5], 158.

[30] *See* Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 139 ("this conclusion is not established to the higher standard of 'clear and convincing evidence'."); Pet. Ex. D, PCA Award [ECF 1-5], ¶ 138 (same); Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 148 ("the Tribunal is unable to find 'clear and convincing evidence' that a bribe was made or even offered…."); Pet. Ex. D, PCA Award [ECF 1-5], ¶ 147 (same); Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 157 ("the Tribunal is unable to find 'clear and convincing evidence' that the money was paid to Madam Sengkeo to bribe Government Ministers…."); Pet. Ex. D, PCA Award [ECF 1-5], ¶ 156 (same); Pet. Ex. B, ICSID Award [ECF 1-3], ¶ 161 ("the circumstances disclosed to the Tribunal do not rise to the level of 'clear and compelling evidence' of corruption."); Pet. Ex. D, PCA Award [ECF 1-5], ¶ 160 (same).

[31] Mot. [ECF 13], ¶¶ 5, 10.

### III. CONCLUSION

Because Petitioner's Motion is untimely, and because Petitioner failed to discharge its substantial burden in any case, Respondents Baldwin and Bridge respectfully request that the Court deny Petitioner's Motion for Recusal.

Respectfully submitted, this 31st day of March, 2023,

DOTTS LAW OFFICE
*Attorneys for Respondents*
*John K. Baldwin and Bridge Capital, LLC*

_____*/s/*_____
Michael W. Dotts, F0150